## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERSHEY CREAMERY COMPANY,       : | |
|    Plaintiff                                        : | |
|                                             : | C.A. No. 1:18-cv-694-CCC |
|         v.                                             : | |
|                                             : | |
| LIBERTY MUTUAL FIRE INSURANCE   : | |
| COMPANY and LIBERTY INSURANCE    : | |
| CORPORATION,                                    : | |
|    Defendants                                  : | JURY TRIAL DEMANDED |

## JOINT CASE MANAGEMENT PLAN

    Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

    No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 12/09)

## 1. Principal Issues

    1.1    Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

> This is an action for declaratory judgment, and breach of contract seeking a determination of the respective rights and responsibilities of the parties with regard to liability insurance policies issued by Liberty to provide coverage to Hershey Creamery Company. Specifically, Hershey Creamery seeks a determination that Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation owe duties to defend and indemnify Hershey Creamery in a lawsuit filed by f'real Foods, LLC ("F'real") in the United States District Court for the District of Delaware, styled <u>f'real Foods LLC v. Hamilton Beach Brands, Inc., Hershey Creamery Company and Paul Mills, d/b/a Mills Brothers Markets</u>, C.A. No. 14-1270. (This action was subsequently consolidated with a related action styled <u>f'real Foods LLC and Rich Products Corporation v. Hamilton Beach Brands, Inc., et. al.</u>, C.A. No. 16-41-GMS. (The consolidated actions are hereinafter referred to as the "Delaware Action").

By defendant(s):

> Hershey Creamery claims that Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation (collectively, "Liberty") are obligated to defend it in the Delaware Action on the grounds that the claims against Hershey Creamery include claims for slogan infringement. Slogan infringement is covered only if it occurred in an "advertisement," which is defined as "a paid announcement that is broadcast or published in the print, broadcast or electronic media to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." The complaint in the Delaware Action does not allege slogan infringement in an advertisement. Under Pennsylvania law, an insurer's duty to defend its insured in a lawsuit brought by a third party is "determined solely from the language of the complaint against the insured." *Westport Ins. Corp. v. Black*, 513 F. Supp. 2d 157, 163 (M.D. Pa. 2007) (citations omitted). Moreover, "[b]ecause the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no

duty to defend." *Bituminous Cas. Corp. v. John W. Gleim, Jr., Inc.*, No. 1:07-CV-2287, 2009 U.S. Dist. LEXIS 129620, at *9 (M.D. Pa. Feb. 24, 2009) (citation omitted). Therefore, the initial question in the case—whether there is a duty to defend—should be determined by comparing the allegations of the complaint in the Delaware Action to the policies. If Liberty succeeds on the duty to defend, Liberty can have no duty to indemnify. If Hershey Creamery succeeds on the duty to defend, the question of whether Liberty also has a duty to indemnify cannot be answered at this time because the basis if any liability against Hershey Creamery in the Delaware Action has not been established.

1.2   The facts the parties <u>dispute</u> are as follows:

The parties dispute the characterization of the allegations of the complaint in the Delaware Action, and of statements made in correspondence between them. Defendants dispute that Plaintiff engaged in forms of advertising that are, or may be covered under the provisions of Defendants' insurance policies. Plaintiff contends that it did engage in various types of advertising that were covered under the policies at issue and that the allegations of the complaint in the Delaware Action sufficiently allege claims for advertising injury that are, or may be covered by the policies at issue.

<u>agree</u> upon are as follows:

The parties agree that the Policies in dispute were validly issued and in full force and effect during the stated policy periods, that Plaintiff was an insured under said policies. There is no dispute as to whether proper or timely notice of claims was given. It is undisputed that Defendant Liberty Mutual Fire Insurance Company initially provided a defense of the Delaware Action to Plaintiff under a reservation of rights, and that the defense was withdrawn when the court in the Delaware Action dismissed certain claims in that case. The authenticity of the Complaint in the Delaware Action is undisputed, and the authenticity of the other exhibits to the Amended Complaint in this action is undisputed. Defendants make other admissions, or partial admissions as more particularly stated in their Answer to the Amended Complaint.

3

6152835.2

1.3   The legal issues the parties dispute are as follows:

Whether the coverage provisions of the insurance policies at issue obligate Defendants to defend and indemnify Plaintiff with respect to claims asserted in the Delaware Action.

Whether the exclusions from coverage provisions of the insurance policies at issue exclude the claims asserted in the Delaware Action from being subject to the duties to defend and indemnify Plaintiff under the policies.

agree upon are as follows:

None.

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5   Identify any named parties that have not yet been served:

None.

1.6   Identify any additional parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

1.7   Identify any additional claims that:

plaintiff(s) intends to add:

None at this time.

defendant(s) intends to add:

None at this time.

## 2. Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

| **Name** | **Title/Position** |
|---|---|
| George Holder | President |

Disclosed by Defendants:

| **Name** | **Title/Position** |
|---|---|
| Greg Rovnak | Sr. Technical Claims Specialist |

## 3. Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| **Nature of Motion** | **Moving Party** | **Anticipated Filing Date** |
|---|---|---|
| Cross Motions for Partial Summary Judgment | Both | September 15, 2018 |

## 4. Discovery

4.1 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): N/A

By defendant(s): N/A

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties may engage in documentary discovery depending upon what is disclosed in the parties' Initial Disclosures.

4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

There are no discovery objections contemplated at this time.

4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

To be determined after the issue of whether Defendants have a duty to defend has been determined.

4.5   For each of the following discovery tools, recommend the <u>per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

   4.5.1   depositions (excluding experts) to be taken by:

      plaintiff(s):  5      defendant(s):  5

   4.5.2   interrogatories to be served by:

      plaintiff(s):  25     defendant(s):  25

   4.5.3   document production requests to be served by:

      plaintiff(s):  25     defendant(s):  25

   5.4.4   requests for admission to be served by:

6

        plaintiff(s): 25    defendant(s): 25

4.6    Discovery of Electronically Stored Information

    X    Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    ☐    Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5. Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

None contemplated at this time.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6. Scheduling

6.1    Final date for joining additional parties:

July 31, 2018 Plaintiff(s)

July 31, 2018 Defendants(s)

6.2    Final date for amending pleadings:

August 31, 2018 Plaintiff(s)

August 31, 2018 Defendants(s)

6.3    All fact discovery commenced in time to be completed by:

The parties jointly request the Court to permit a delay in proceeding with discovery until a determination is made on Defendants' duty to

defend in this case. It is anticipated that an early ruling on this issue will result in limiting the necessity and scope of further discovery.

6.4  All potentially dispositive motions should be filed by: September 15, 2018

6.5  Reports from retained experts due:

from plaintiff(s) by 30 days after discovery closes

from defendant(s) by 60 days after discovery closes

6.6  Supplementations due 80 days after discovery closes

6.7  All expert discovery commenced in time to be completed by 60 days after Supplementary Reports are due.

6.8  This case may be appropriate for trial in approximately:

___ 240 Days from the filing of the action in this court

___ 365 Days from the filing of the action in this court

_X_ 455 Days from the filing of the action in this court

6.9  Suggested Date for the final Pretrial Conference:

May, 2019 (month/year)

6.10  Trial

i.  Suggested Date for Trial:

June, 2019 (month/year)

**7.  Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Name:     George Holder
Title:      President
Address:  c/o Thomas A. French, Barley Snyder, 213 Market Street, 12th Floor, Harrisburg, PA  17101

8

Daytime Telephone: (717) 231-6625

Name:     Marcia E. Rowell, I
Title:     Sr. Tech Claims Specialist II
Address:  Liberty Mutual Insurance
          Commercial Insurance Claims
          Excess & Coverage - PHOENIX, AZ
Daytime Telephone:     (715) 261-5559

**8. Alternative Dispute Resolution ("ADR")**

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure Mandatory: Mediation

Date ADR to be commenced: Undetermined

Date ADR to be completed: Undetermined

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9. Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __Y

X_ N.

9

6152835.2

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    \_\_\_ Scranton/Wilkes-Barre
    \_\_\_ Harrisburg

**10.    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.    Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

BARLEY SNYDER LLP

By: /s/ *Thomas A. French*
    Thomas A. French
    PA Attorney I.D. No. 39305
    William C. Boak
    PA Attorney I.D. No. 203506
    213 Market Street, 12th Floor
    Harrisburg, PA 17101
    Phone:  (717) 231-6603
    Fax:  (717) 291-4660
    tfrench@barley.com
    wboak@barley.com
    *Attorneys for Plaintiff*

☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

POST & SCHELL, P.C.

By: /s/ *John C. Sullivan*
    John C. Sullivan
    PA Attorney I.D. No. 32262
    James J. Kutz
    PA Attorney I.D. No. 21589
    Four Penn Center – 13th Floor
    1600 John F. Kennedy Boulevard
    Philadelphia, PA  19103
    Phone:  (215) 587-1000
    Fax:  (215) 587-1444
    jsullivan@postschell.com
    *Attorneys for Defendants*

☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

6152835.2

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2018, a true and correct copy of the foregoing "Joint Case Management Plan" was served by means of electronic service in accordance with the Local Rules of the United States District Court for the Middle District of Pennsylvania, upon the following:

> John C. Sullivan, Esquire
> James J. Kutz, Esquire
> Four Penn Center – 13th Floor
> 1600 John F. Kennedy Boulevard
> Philadelphia, PA  19103
> *Attorneys for Defendants*

/s/ *Thomas A. French*

Thomas A. French

6152835.2